# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO: 1:17-cv-00084-JTM-SLC<br>) |
| ELITE HOME PRODUCTS, LLC, *et al.*, | )<br>) |
| Defendants. | ) |

## OPINION AND ORDER

On March 8, 2017, Plaintiff Motorists Mutual Insurance Company filed a complaint against Defendants Elite Home Products, LLC; Mega Lion, Inc.; and John Doe Manufacturer, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff's allegations concerning the citizenship of the parties, however, are insufficient to establish diversity jurisdiction.

First, with respect to Plaintiff Motorists Mutual Insurance Company, corporations "are deemed to be citizens of the state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added) (citing 28 U.S.C. § 1332(c)(1)). Here, the complaint recites that Plaintiff has its principal place of business in Ohio, but it does not allege the state in which Plaintiff is incorporated.

Second, as to Defendant Elite Home Products, LLC, the complaint alleges that it is a Louisiana corporation. (DE 1 ¶ 4). But Elite Home Products, LLC's name suggests that it is a

limited liability company ("LLC"), rather than a corporation. An LLC's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the name and citizenship of each of the member of Elite Home Products, LLC, to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Such citizenship must be "traced through multiple levels" for those members of Elite Home Products, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Third, the allegations in the complaint concerning citizenship of Defendants are premised upon information and belief. (DE 1 ¶¶ 4-6). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Finally, as to Defendant John Doe Manufacturer, "the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (citations omitted); *see also Schwarz v. Midwest Airlines, Inc.*, No. 09-CV-668, 2009 WL 2224890, at *1 (E.D. Wis. July 23, 2009); *Willis v. Rose Art, Inc.*, No. 3:07-cv-192, 2007 WL 1280586, at *1 (N.D. Ind. Apr. 30, 2007). Because diversity jurisdiction must be "proved" by a plaintiff rather "than assumed as a default," a court cannot presume that a "John Doe" defendant is diverse with respect to a plaintiff. *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996) (citation omitted). Accordingly,

"John Doe" defendants are ordinarily not allowed in federal diversity suits. *Moore*, 91 F.3d at 850; *Schwarz*, 2009 WL 2224890, at *1; *Willis*, 2007 WL 1280586, at *1.

There are, however, limited exceptions to this rule. For example, when the "John Does" are "mere nominal parties" who have no interest in the action, their presence does not affect diversity jurisdiction. *Moore*, 91 F.3d at 850; *U.S. Fire Ins. Co., Inc. v. Charter Fin. Group, Inc.*, 851 F.2d 957, 959 n.3 (7th Cir. 1988) (collecting cases); *Schwarz*, 2009 WL 2224890, at *1; *Willis*, 2007 WL 1280586, at *1. However, if "John Does" are "actual entities, not merely possible entities that may be discovered," and a plaintiff seeks relief against them, they "have a legal interest in th[e] action as they are being directly sued" and thus their citizenship must be proved by the plaintiff. *Schwarz*, 2009 WL 2224890, at *1; *see also Willis*, 2007 WL 1280586, at *1.

Accordingly, Plaintiff is granted to and including March 23, 2017, to file an amended complaint that properly alleges the citizenship of each party.

SO ORDERED.

Entered this 9th day of March 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge